943 So.2d 945 (2006)
Mary Ann COLLIER, Roy McGoldrick and Robert Pino, Appellants,
v.
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellee.
No. 4D05-4068.
District Court of Appeal of Florida, Fourth District.
December 6, 2006.
Joel S. Perwin of Joel S. Perwin, P.A., Miami, Tod Aronovitz and Steven Jaffe of Aronovitz Trial Lawyers, Miami, Welch & Finkel, Pompano Beach, and John W. Devine and Lawrence D. Goodman of Devine Goodman Pallot & Wells, P.A., Miami, for appellants.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jason Vail, Assistant Attorney General, Tallahassee, for appellee.
*946 LEWIS, TERRY P., Associate Judge.
Appellants appeal the trial court's dismissal of their amended complaint. They had alleged that the Department was taking personal information required of them in order to obtain driver licenses and motor vehicle registrations, reformatting it into customized mailing lists, and selling it to third parties. This, they asserted, violated the Driver's Privacy Protection Act (DPPA), 18 U.S.C. Section 2721 et seq., and Article I, Section 23 of the Florida Constitution, and amounted to a taking of private property within the meaning of Article X, Section 6(a) of the Florida Constitution and Amendment V of the U.S. Constitution. They sought declaratory and injunctive relief.
The Department argued in its motion to dismiss that the takings claim was not viable because the information provided by appellants was not property, and that, even if it was, appellants were not deprived of substantially all of its beneficial use; that the DPPA, by its terms, could not be enforced by a private individual against the State; and that furthermore, appellants had no protected privacy interest in information that was a public record.
The trial court granted the motion, reasoning that, as to the taking claim, at most what was alleged was a regulatory taking and since appellants did not and could not allege that such action deprived them of all or substantially all of the beneficial use of the purported property, there was no taking. The court agreed with the Department that the DPPA does not confer a private right of action to seek declaratory relief or to enforce the act against the State or its agencies. The trial court also ruled that the claim for declaratory and injunctive relief relative to section 119.07(6)(aa)12., Florida Statutes (2004), which conformed Florida law to DPPA, was insufficient because there was no allegation that the Department was failing to comply with the statute as amended.[1] We find no error in the trial court's findings and conclusions and therefore affirm.
Affirmed.
FARMER and SHAHOOD, JJ., concur.
NOTES
[1] Indeed, that would not have been possible as the amended complaint was filed after the legislation was passed, but before it became effective, according to the allegations in the amended complaint.